## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**KELLY BROCK-SANCHEZ,**

    **Plaintiff,**

**vs.**                                                       **Case No.:** _____

**ANASTASIOS KAMOUTSAS, in his individual
and Official capacity as Florida Commissioner
of Education,**

    **Defendant.**

_____/

## COMPLAINT-INJUNCTIVE RELIEF SOUGHT

Plaintiff, KELLY BROCK-SANCHEZ, sues the Defendant, ANASTASIOS KAMOUTSAS, in his individual and official capacity as Florida Commissioner of Education, and alleges:

## JURISDICTION

1. Plaintiff sues, under 42 U.S.C. § 1983, for declaratory and injunctive relief and damages to redress the threatened deprivation of rights protected by the First and Fourteenth Amendments to the United States Constitution, giving the Court jurisdiction to adjudicate the claim under 28 U.S.C. § 1331, 1343(3), 1343(4), 2201 and 2202, and to award attorney's fees under 42 U.S.C. § 1988.

## PARTIES

2. Plaintiff is a resident of St. Johns County, Florida, holding a Florida Educator's Certificate which allows her to be employed by the Clay County School District as a teacher.

3. Defendant, as Florida Commissioner of Education, is the chief educational officer of the State, Fla. Stat § 1001.10(1), and is authorized by § 1012.796(6), Fla. Stat. (2025) to order investigation into and initiate disciplinary proceedings against holders of Florida Educator's Certificates to determine whether grounds exist to impose discipline up to and including certificate revocation by the Education Practices Commission, which would preclude the holder from employment as a teacher in any of Florida's public schools.

## VENUE

4. Venue is appropriate in ths Court under 28 U.S.C. § 1931(b)(2) as the events or omissions giving rise to this action occurred in St. Johns and Clay Counties, Florida, and the governmental action of which Plaintiff complains would take effect in St. Johns and Clay Counties; it is also consistent with the "swordwielder doctrine" under Florida law, whereby one threatened by a state agency with an imminent breach of her constitutional rights may sue the threatening agency outside its home district.

*Dept. of Children and Family Services v. Sun-Sentinel, Inc.,* 865 So. 2d 1278, (Fla 2004); *Jacksonville Elec. Auth. v. Clay Cty. Util. Auth.,* 802 So.2d 1190, 1192 (Fla. 1st DCA 2002)

## FACTS

5. On or about September 11, 2025, Plaintiff, acting as an ordinary private citizen, posted to a private social media account the following statement in response to the widely publicized murder of Charlie Kirk, a public figure who had attained notoriety by generating highly controversial political and social views through public media: "This may not be the obituary we were all hoping to wake up to, but his is a close second for me."

6. On September 22, 2025, Defendant issued an Administrative Complaint seeking sanctions against Plaintiff's Florida Educator's Certificate, up to and including permanent revocation, based solely on the social media post described in paragraph 5, above. A copy of the Administrative Complaint is attached as Exhibit "A".

7. Defendant's threatened actions constitute governmental retaliation for protected speech.

8. The threatened revocation of Plaintiff's Florida Educator's Certificate, which would deprive her of the right to practice her chosen profession in her state of resident

and substantially curtail her livelihood, would tend to deter a person of ordinary firmness from exercising protected speech.

9. Plaintiff's expression of hostility to Charlie Kirk, a prominent public figure, was constitutionally protected core political speech, and any arguably inappropriate or controversial character of Plaintiff's social media post is irrelevant to whether it deals with a matter of public concern and is thus protected by the First Amendment.

## CLAIM

10. Plaintiff's social media post was constitutionally protected, and Defendant's threatened retaliatory interference with Plaintiff's protected speech, as alleged above, violates her rights under U.S.C. § 1983.

11. Defendant knew or should have known his actions in seeking sanctions against Plaintiff's Educator's Certificate in retaliation for her speech constituted a violation of her First Amendment Rights.

## RELIEF SOUGHT

12. Plaintiff seeks a declaration that the threatened action against her Florida Educator's Certificate based on the social media post at issue violates her rights under the First Amendment; an injunction preliminarily and permanently enjoining Plaintiff

from such action; an award of damages in an amount that the Court may deem appropriate; an award of the costs of this action and a reasonable attorneys fee; and such other relief the Court may deem appropriate.

## JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as a matter of right.

/s/ Mark Herdman
Mark Herdman
Herdman & Vicari, P.A.
29605 U.S. Hwy 19 North, Suite 110
Clearwater, Florida 33761
(727) 785-1769
(727) 786-4107 (Fax)
Florida Bar No. 602566
Attorney for Plaintiff
mark@herdviclaw.com
suzanne@herdviclaw.com